PEOPLE *v.* BASHAW.

1. MASTER AND SERVANT—INTERFERENCE WITH RELATION BY THIRD PERSONS—PEACEFUL PICKETING.

An employee's fear of the loss of his job as the result of peaceful picketing conducted by defendant, charged with disturbing and interfering with employees of a certain concern by threats and intimidation, *held,* not the result of threats and intimidation as those terms are used in statute penalizing molestation or disturbance, by threats or intimidation, of an employee engaged in the quiet and peaceable pursuit of his lawful avocation (Act No. 328, § 352, Pub. Acts 1931).

2. SAME—STATUTES—PEACEFUL PICKETING.

Peaceful picketing does not come within the purview of statute penalizing the unlawful molestation or disturbance, by threats and intimidation, of an employee engaged in the quiet and peaceable pursuit of his lawful avocation (Act No. 328, § 352, Pub. Acts 1931).

WIEST, J., dissenting.

Appeal from Lenawee; Rathbun (George A.), J. Submitted May 18, 1940. (Docket No. 138, Calendar No. 41,114.) Decided December 10, 1940.

Joseph O. Bashaw was convicted of unlawful picketing. Reversed and defendant discharged.

*Thomas Read,* Attorney General, and *Lawrence J. Hammond,* Prosecuting Attorney, for the people.

*Theodore Athos Joslin,* for defendant.

McALLISTER, J. Defendant was arrested for picketing and, by threats and intimidation, disturbing and interfering with the employees of Robb-Ott, Inc.

He was also charged with attempting to force such employees to refrain from employment, contrary to law and statute. A jury trial was waived, and defendant was found guilty and was sentenced to pay a fine and costs of $8.75 or, in default of payment thereof, to be confined for a period of 10 days to the county jail, from which judgment of conviction he appeals.

Defendant was the business agent of the Lenawee Building & Construction Trades Council in Lenawee county. For some time he had been endeavoring to negotiate a union agreement with Robb-Ott, Inc., a construction company. After he had failed to secure such a contract, the Lenawee Building & Construction Trades Council, a labor organization, at a regular meeting of its delegates, formally voted that Robb-Ott, Inc., was unfair. Defendant then picketed the company by walking up and down in front of a construction job being carried on at the Consumers Power Company, where employees of the Robb-Ott company were working. Defendant carried a sign with the words: "Unfair to Lenawee Building & Construction Trades Council, A. F. of L." There was a barricade in front of the building where the employees were working. In it were window openings. From the inside, the employees could see the sign as it was being carried back and forth. Defendant was not an employee or a former employee of the company. None of the employees were members of defendant's organization, or of a union. There was no strike in progress. Defendant walked peacefully back and forth, saying nothing to anyone, in no way molesting other pedestrians, and not impeding ingress to or egress from the premises.

The strongest evidence of threats or coercion is found in the testimony of August F. Wiebeck, one of the employees of Robb-Ott, Inc. He testified:

"From where I was then working I could see the sign that was carried by the defendant pass the window. Exhibit 1 is a sign like the one being passed back and forth in front of the window where I was working as the respondent carried it. The carrying of this sign in front of the barricade where I was working bothered me mentally, not physically. It intimidated me because I knew what they were after. It meant to me that if they gained their point I would either have to join their organization which I objected to, or lose my job. I didn't want to lose my job. * * *

"Q. What were you frightened of? * * *

"A. Well, I really wasn't frightened, but I was afraid if they gained their point I would lose my job.

"Q. That's all?

"A. That's all I was afraid of."

To sum it up, Wiebeck was not intimidated or frightened by defendant or defendant's organization, but "was afraid that if they gained their point I would lose my job."

John G. Ott, one of the officials of the company performing the construction work in question, testified that he previously had had a talk with defendant at the time the company was doing some work on the so-called Cunningham job, and was told that he should employ union labor and that defendant, in this conversation, had said to him: "You better do it, or else;" and that the company had thereafter lost the job due to connections which the Cunningham people had with the union.

The statute under which defendant was prosecuted is Act No. 328, § 352, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–352, Stat. Ann. § 28.584), which provides:

"Any person or persons who shall, by threats, intimidations, or otherwise, and without authority of law, interfere with, or in any way molest, or at-

tempt to interfere with, or in any way molest or disturb, without such authority, any mechanic or other laborer, in the quiet and peaceable pursuit of his lawful avocation, shall be guilty of a misdemeanor.''

At the close of the case for the prosecution, defendant's counsel moved ''to strike from the warrant and record'' the charge of unlawfully, willfully, and maliciously picketing, on the ground that no such offense was included in the statute. A further motion was made to discharge the respondent on the ground that no offense was shown and that the offense charged was not proved beyond a reasonable doubt.

The court, however, overruled the motions and found defendant guilty of violation of the statute, on the ground that such picketing constituted threats and intimidation and was illegal. In arriving at his decision, the court followed the previous decisions of this court and said in the course of his opinion:

''There is no doubt but that the respondent in the instant case conducted himself along his picket line in as peaceable a manner as possible so to do. And there is no doubt but that there are innumerable decisions both Federal and from other States to the effect that such acts as those of the respondent are not unlawful. However, this court is of the opinion that he has not the power or authority even to attempt to reverse or overrule his own high court, and that he must be guided by its precedents.

''For the reasons stated, the court found defendant guilty while present in open court, but due to the fact that he waived jury trial, and was apparently endeavoring to make a test case on the question of what may be meant by peaceful picketing, this court fixes the same penalty as in justice court, namely, a fine of $5 and costs of $8.75.

"In the event of appeal he may be released upon his own recognizance, the court being of the belief that an effort is being made to obtain a new ruling of our Supreme Court upon the question of picketing, it having been some 18 years since our court has passed upon that subject, and this court recognizing the fact that many courts, both Federal and State, are now at variance with the holdings of our high court."

The trial court was not oblivious of the fact that there was a considerable body of judicial opinion holding that peaceful picketing is not illegal. Former opinions of this court were to the contrary. There was no evidence of any threats, intimidation, or interference with the employees of Robb-Ott, Inc., unless the carrying of the sign constituted such threats and intimidation. But it could not be said that an employee's fear that the result of picketing would be the loss of his job is the result of threats and intimidation within the meaning of those words as used in the statute; and it was only on this single aspect of the case and on the assumption that any kind of picketing was illegal that the court convicted the defendant. Peaceful picketing does not come within the purview of the statute under which defendant was prosecuted.

In *Carlson* v. *California,* 310 U. S. 106 (60 Sup. Ct. 746), the supreme court of the United States held that such restraints upon peaceful picketing were illegal as contravening the first article of the Bill of Rights of the Federal Constitution. *Thornhill* v. *Alabama,* 310 U. S. 88 (60 Sup. Ct. 736). See, also, *Senn* v. *Tile Layers Protective Union,* 301 U. S. 468 (57 Sup. Ct. 857). Under the above decisions, it would be contrary to the First and Fourteenth Amendments of the Federal Constitution to prohibit peaceful picketing.

As' this is the only question before us on review, the judgment of conviction is reversed, and defendant discharged.

Bushnell, C. J., and Sharpe, North, and Butzel, JJ., concurred with McAllister, J.

Boyles, J. (*concurring*). Defendant was convicted of a violation of Act No. 328, § 352, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–352, Stat. Ann. § 28.584), which provides in substance that one shall be guilty of a misdemeanor who shall, by threats, intimidations, or otherwise, interfere with, or in any way molest, or attempt to interfere with, or molest or disturb, a laborer in the quiet and peaceable pursuit of his lawful avocation.

The facts relied upon in this case for conviction are found in the testimony of an employee of the company and the deputy sheriff who made the arrest. The deputy testified that the defendant was walking back and forth carrying a sign on or along the sidewalk in front of a certain construction job, and that:

"He carried the sign mostly pretty straight up in front of him, not hanging back or anything but straight up. He was walking east and west on the walk where he is in the picture in front of the barricade. I didn't at any time see him go around in front of the entrance to the barricade. He did not bump up against anybody, or jostle them in any way, pedestrians or anyone else. He was not talking to anybody or making any noise. He was just peacefully walking back and forth bearing this banner. He wasn't making any disturbance."

An employee of the company testified he could see the defendant passing back and forth in front of the window where he was working and was in-

timidated because he was afraid he would lose his job. The facts do not support the conviction.

The offense was alleged to have occurred on November 29, 1939. Act No. 176, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 8628–17 [Stat. Ann. 1940 Cum. Supp. § 17.454 (17)]), became effective June 8, 1939, nearly six months before the alleged offense was committed. Section 17 of this act defines what is now considered a misdemeanor, to attempt to intimidate a person to refrain from employment.

For the above reasons, the conviction should be set aside and defendant discharged.

WIEST, J. (*dissenting*). I do not concur in the opinion of Mr. Justice MCALLISTER.

The picketing in this instance did not arise out of or in the course of an employer-employee industrial controversy but in the course of planned interference with and intentional intimidation and coercion to force nonunion employees to become members of the union represented by defendant. Such purpose and acts to accomplish such end are not rendered permissive by constitutional provisions relative to right of assembly and free speech and not sanctioned by the holdings in *Thornhill* v. *Alabama,* 310 U. S. 88 (60 Sup. Ct. 736), and *Carlson* v. *California,* 310 U. S. 106 (60 Sup. Ct. 746), but rendered a misdemeanor by Act No. 328, § 352, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–352, Stat. Ann. § 28.584), and not rendered lawful by Act No. 168, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 17115–48a *et seq.,* Stat. Ann. § 28.241 *et seq.*), and contrary to uniform decisions of this court over a course of many years.

The conviction should be affirmed.

CHANDLER, J., did not sit.